CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
COMANDATE MARINE CORP.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
COMANDATE MARINE CORP.,

                  Plaintiff,

    v.

BULK MARINE LTD.,

                  Defendant.
------------------------------------------------------------X

08 CV _____ ( ___ )

**VERIFIED COMPLAINT**

Plaintiff COMANDATE MARINE CORP. (hereinafter "COMANDATE"), by its attorneys, Chalos, O'Connor & Duffy, as and for its Verified Complaint against the Defendant, BULK MARINE LTD. (hereinafter "BULK"), alleges upon information and belief as follows:

JURISDICTION

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

## THE PARTIES

2. At all times material hereto, Plaintiff COMANDATE was and still is a foreign business entity duly organized and existing pursuant to the laws of Liberia.

3. The plaintiff COMANDATE is the owner of the vessel M/V COMANDATE, and the primary business of COMANDATE is to charter the M/V COMANDATE to others for the carriage of cargo in exchange for payments of hire or freight.

4. At all times material hereto, defendant BULK was and still is a foreign business entity duly organized and existing pursuant to the laws of the British Virgin Islands with a principal place of business in Hong Kong, S.A.R. of the P.R. of China.

5. The defendant BULK is engaged in the business of transporting cargoes by ocean vessel.

## AS AND FOR A CAUSE OF ACTION
## FOR BREACH OF MARITIME CONTRACT

6. On September 27, 2007, plaintiff COMANDATE, as owner of the ocean-going vessel M/V COMANDATE, entered into a charter party contract with defendant BULK, as charterer, whereby defendant BULK hired the M/V COMANDATE for a "one time charter trip via Jubail to Subic Bay about 20/30 days wog, via safe anchorage(s), safe berth(s), safe port(s), always afloat, always accessible, always within Institute Warranty limits ... within below mentioned trading limits."

7. The charter party contract between plaintiff COMANDATE and defendant BULK is a maritime contract.

8. While the vessel the M/V COMANDATE was discharging cargo at Subic Bay, Philippines on or about October 24, 2007 one of the vessel's cranes broke down.

9. The contingency described in paragraph 8 was covered by the terms and conditions of the charter party, at clause 28, which, *inter alia*, provided: "If required the Charterers to provide and the Owners shall bear the cost of hiring comparable shore gear in lieu thereof suitable for Charterers' requirements, in which case the vessel shall remain on hire."

10. In breach of its obligations under the charter party to provide comparable shore gear, the Defendant BULK made no attempt to, and did not, provide comparable shore gear.

11. Instead, and in order to mitigate any damages, the Plaintiff COMANDATE was required to hire considerably larger and more expensive shore gear to discharge the defendant's cargo.

12. As a consequence of the Defendant BULK's breach of its obligations under the charter party, the Plaintiff COMANDATE suffered damages including lost time to locate and hire shore gear and the costs of the larger than equivalent gear.

13. The Defendant BULK's damages amount to $157,534.28.

14. Despite due demand, defendant BULK has not paid plaintiff COMANDATE for plaintiff COMANDATE's damages.

15. The Plaintiff COMANDATE has presented the Denfendant BULK with a final hire statement showing a balance due to the Plaintiff in the amount of $157,534.28, but the Defendant BULK is in breach of the charter party for its failure to make timely payment of the amounts due under the final hire statement.

16. The maritime contract charter party between the plaintiff COMANDATE and defendant BULK dated September 27, 2007 provided, at clause 45, that any disputes

arising out of the maritime contract shall be governed by English law and shall be referred to arbitration in London.

17. Interest and costs, including attorneys' fees, are routinely awarded to the prevailing party in London arbitration because they are recoverable damages in arbitration pursuant to the London Maritime Arbitration Association's rules.

18. In accordance with the terms and conditions of the charter party, the plaintiff COMANDATE is preparing to initiate arbitration proceedings against defendant BULK in London.

19. As best as can now be estimated, the plaintiff COMANDATE expects to recover the following amounts in London arbitration from defendant BULK:

| | | |
|---|---|---|
| A. | Principal claim | $157.534.28 |
| B. | Estimated interest on claims: 3 years at 8%, compounded quarterly | $ 42,257.28 |
| C. | Estimated attorneys' fees: | $ 41,000.00 |
| D. | Estimated arbitration costs/expenses: | $ 10,000.00 |
| **Total** | | **$250,791.56** |

## PRAYER FOR RELIEF

20. Notwithstanding the fact that the liability of the defendant is subject to determination by arbitration in London, there are now, or will be during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the defendant within this District and held by various parties, as garnishees.

21. Plaintiff COMANDATE believes that some of these assets, *to wit*: bank accounts; payments from the purchasers of other cargoes; freight and/or hire payments being made to other vessel owners U.S. dollars; freight and hire payments from other charterers or shippers of cargo; and/or Clearing House Interbank Payment System (CHIPS) credits; and/or funds being transferred through intermediary banks are located in this District in the possession of garnishees, namely banks or financial institutions located in New York.

22. As set forth in the accompanying affidavit of Owen F. Duffy, the defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

23. Because this Verified Complaint sets forth an *in personam* maritime claim against the defendant and because the defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claims against the defendant and/or *quasi in rem* jurisdiction over the property of the defendant so that an eventual judgment and/or award can be satisfied.

WHEREFORE, Plaintiff prays as follows:

A. That the defendant be summoned to appear and answer this Verified Complaint;

B. That the defendant not being found within this District, as set forth in the Affidavit of Owen F. Duffy, then all of its assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the defendant within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

C. That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or the London arbitration panel, so that judgment may be entered in favor of Plaintiff for the amount of its claim with costs, *i.e.* **US$250,791.56,** and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiff's claim, plus costs to be paid out of the proceeds thereof; and

D. That Plaintiff has such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: Port Washington, New York
January 18, 2008

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
COMANDATE MARINE CORP.

By: _____
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600 / Fax: (516) 767-3605

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
COMANDATE MARINE CORP.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
COMANDATE MARINE CORP.,

      Plaintiff,

                08 CV _____ (___)

  v.

                **VERIFICATION**

BULK MARINE LTD.,

      Defendant.
-----------------------------------------------------------X
STATE OF NEW YORK  :
            : ss.
COUNTY OF NASSAU   :

  BEFORE ME, the undersigned authority, personally came and appeared Owen F. Duffy who, after being duly sworn, did depose and state:

  1.  That he is a partner in the law firm of Chalos, O'Connor & Duffy LLP, counsel for the Plaintiff, COMANDATE MARINE CORP., herein;

  2.  That he has read the foregoing complaint and knows the contents thereof;

  3.  That he believes the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys; and

4.      That the reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers' verification could not be obtained within the time constraints presented by the circumstances of this case.

Dated: Port Washington, New York
       January 18, 2008

                                        CHALOS, O'CONNOR & DUFFY, LLP
                                        Attorneys for Plaintiff,
                                        COMANDATE MARINE CORP..

                        By:     _____
                                Owen F. Duffy (OD-3144)
                                366 Main Street
                                Port Washington, New York 11050
                                Tel: (516) 767-3600
                                Fax: (516) 767-3605

Subscribed and sworn to before me this
January 18, 2008

_____
Notary Public, State of New York

GEORGE E. MURRAY
Notary Public, State of New York
No. 02MU6108120
Qualified in New York County
Commission Expires April 12, 2008

2